| | |
|---|---|
| CLOTIS DAVIS | SUIT NO. 04-2244; DIV: _____ |
| VERSUS | 4th JUDICIAL DISTRICT COURT |
| C.R. BARD, INC.<br>BARD ACCESS SYSTEMS, INC. | PARISH OF OUACHITA<br>STATE OF LOUISIANA |

**RECEIVED JUN 0 9 2004**
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**FILED MAY 1 2 2004**
KATHY G. REAGAN
DEPUTY CLERK
4TH JUDICIAL DISTRICT COUR
OUACHITA PARISH, LA

## PETITION FOR DAMAGES

**CV04-1253-M**
**JUDGE JAMES**
**MAGISTRATE JUDGE KIRK**   JUN 0 9 2004

The petition of Clotis Davis, competent major domiciled in the Parish of Ouachita, State of Louisiana, respectfully alleges the following:

Named defendants herein are:

(a) **C. R. Bard, Inc.**, a foreign corporation domiciled in and having its principal place of business in New Jersey.

(b) **Bard Access Systems, Inc.**, a foreign corporation domiciled in and having its principal place of business in Utah.

2.

On April 23, 2003, Clotis Davis underwent surgery to have repaired an incarcerated incisional umbilical hernia. Dr. Claude Minor performed the surgery. During the procedure, Dr. Minor discovered an umbilical mass that was later found to be cancerous.

3.

On May 8, 2003, Ms. Davis saw Dr. Benjamin Weinberger on a referral from Dr. Minor for treatment of the metastatic adenocarcinoma. At this time, Dr. Weinberger ordered a biopsy of the left axillary lymph node and the placement of an Infuse-A-Port in Ms. Davis for chemotherapy treatment.

4.

On May 14, 2003, Ms. Davis underwent surgery for the biopsy of her left axillary lymph node and for the placement of the Infuse-A-Port. Upon information and belief, Dr. Minor performed the surgery at Monroe Surgical Hospital with the assistance of employees of Monroe Surgical Hospital and/or Dr. Minor.

5.

A BardPort® Implanted Port, product code 0602380 serial number 22AN2338, was the

**CASE ASSIGNED TO:**
**CV. SECT. 1**



port installed by Dr. Minor. Upon information and belief, Monroe Surgical Hospital was at all times prior to this surgery in possession and control of the above-listed device.

6.

On information and belief, C.R. Bard Inc. and Bard Access Systems, Inc. are the manufactures of the BardPort® Implanted Port, product code 0602280, lot/serial number 22AN2338, installed in Ms. Davis on May 14, 2003.

7.

Upon information and belief, C.R. Bard Inc. and Bard Access Systems, Inc., placed the BardPort® Implanted Port, product code 0602280, lot/serial number 22AN2338, into the stream of commerce with the knowledge that it would be used in Louisiana.

8.

On May 27, 2003, Ms. Davis underwent outpatient chemotherapy treatment at North Monroe Medical Center. Upon information and belief, Dr. Weinberger performed the procedure with the aid of employees of North Monroe Medical Center and/or Dr. Weinberger.

9.

Despite being unable to obtain a clear line in Ms. Davis' Infuse-A-Port catheter, Dr. Weinberger, and/or employees of North Monroe Medical Center and/or Dr. Weinberger, proceeded with the chemotherapy treatment. Instead of being administered into the bloodstream as planned, the drugs injected by Dr. Weinberger, and/or the employees of North Monroe Medical Center and/or Dr. Weinberger, backed up into the Infuse-A-Port reservoir and ultimately leaked into Ms. Davis' right breast.

10.

Following the incident of May 27, 2003, Ms. Davis suffered chemical burns to her right breast resulting in open sores, swelling, peeling skin and pain so substantial that it interfered with Ms. Davis' ability to swallow.

11.

Ms. Davis first sought treatment for her chemical burns from Dr. Weinberger on June 5, 2003. When her sores, swelling, and pain worsened, she then went to Monroe Surgical Hospital, where she was admitted for IV antibiotic treatment from June 10 through June 12, 2003.

2

**12.**

On June 5, 2003, a fluroscopy of the Infuse-A-Port installed by Dr. Minor was conducted at North Monroe Medical Center. The scan revealed that there was no flow beyond the reservoir and that the catheter tip was coiled around the reservoir, rather than located in the vein as required.

**13.**

On June 17, 2003, Ms. Davis had another x-ray of her right breast, this time at Monroe Surgical Hospital. The impression of the radiologist, Dr. Edward Worley, was "occlusion of the Infuse-A-Port catheter."

**14.**

On July 25, seventy-two days after the first Infuse-A-Port was installed, Ms. Davis finally underwent surgery to have a new Infuse-A-Port installed. Dr. Minor performed the surgery at Monroe Surgical Center. The preoperative diagnosis was "malfunctioning Infuse-A-Port, " and the operative report notes that tubing was "curled above the Infuse-A-Port."

**15.**

Upon information and belief, the BardPort® Implanted Port, product code 0602280, lot/serial number 22AN2338, installed in Ms. Davis on May 14, 2003, was unreasonably dangerous in construction, composition, and/or design, including but not limited to the port line's propensity to become dislodged from the vein and curl around or above the port.

**16.**

Upon information and belief, the unreasonably dangerous characteristic referenced in paragraph 15 existed at the time the BardPort left the control of defendant or resulted from a reasonably anticipated alteration or modification of the product.

**17.**

The characteristic referenced in paragraph 15 which made the BardPort unreasonably dangerous proximately caused Mrs. Davis to suffer injuries which arose from a reasonably anticipated use of the product.

**18.**

As defendant manufacturers, C.R. Bard Inc. and Bard Access Systems, Inc. were negligent and at fault for, but not limited to, the following reasons:

(a)  the product manufactured by Defendants was unreasonably dangerous in

3

construction, composition, and/or design;

(b) Defendants knew or should have known that the product's port line could become dislodged and/or curled around or above the port catheter during normal, anticipated use;

(c) Defendants' product was unreasonably dangerous insofar as its risk of causing injury and/or its danger-in-fact outweighed its utility;

(d) Dependants knew or should have known that the product was unreasonably dangerous to normal use;

(e) Other acts of negligence to be proven at the trial of this matter.

**19.**

As a result Defendants' negligence, fault and manufacturing of an unreasonably dangerous product, Clotis Davis has suffered great pain and suffering, mental anguish, impairment of function, physical injury, disfigurement, and loss of the enjoyment of life.

**20.**

As a result Defendants' negligence, fault and manufacturing of an unreasonably dangerous product, Clotis Davis has incurred medical expenses and will continue to incur medical expenses arising out of her injuries caused by Defendants' product.

**WHEREFORE**, Petitioner prays for judgment in her favor, and against C.R. Bard, Inc. and Bard Access Systems, Inc., for such damages as are reasonable in the premises, plus legal interest from the date of judicial demand, and for all costs of these proceedings.

BY ATTORNEY:

_____
Steve C. Thompson, Bar Roll #14469
MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS
6513 Perkins Road
Baton Rouge, Louisiana 70808
(225) 766-1100

ATTORNEY FOR PLAINTIFF

**UNDER LA. R.S. 13:3204, PLEASE PREPARE CITATIONS AND COPIES OF THE PETITION FOR SERVICE FOR THE FOLLOWING NONRESIDENT DEFENDANTS:**

C. R. Bard Corporate
730 Central Avenue
Murray Hill, NJ 07974

Bard Access Systems
5425 West Amelia Earhart Drive
Salt Lake City, UT 84116

| | |
|---|---|
| CLOTIS DAVIS | SUIT NO. 04-2244 ; DIV: _____ |
| VERSUS | 4th JUDICIAL DISTRICT COURT |
| C.R. BARD, INC.<br>BARD ACCESS SYSTEMS, INC. | PARISH OF QUACHITA |
| | STATE OF LOUISIANA |

CV04-1253-M

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
FILED
JUN 0 9 2004
ROBERT H. SHEMWELL, CLERK

**REQUEST FOR NOTICE**

JUDGE JAMES

MAGISTRATE JUDGE KIRK

FILED
MAY 1 2 2004
KATHY G. REAGAN
DEPUTY CLERK
4TH JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA

To: Clerk of Court, 4th Judicial District Court
Parish of Quachita
300 St. John Street
Monroe, LA

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are hereby requested to give us written notice, by certified mail, at least ten (10) days in advance of the date fixed for trial of this case, whether on exceptions, rules or the merits thereof.

In accordance with the provisions of the Louisiana Code of Civil Procedure, you are also requested to send us immediate notice of any order or judgment made or rendered in this case, upon entry of such order or judgment.

BY ATTORNEY:

_____
Steve W. Thompson, Bar Roll #14469
MOORE, WALTERS, THOMPSON,
THOMAS, PAPILLION & CULLENS
6513 Perkins Road
Baton Rouge, Louisiana 70808
(225) 766-1100

ATTORNEY FOR PLAINTIFF

A TRUE COPY
_____
DEPUTY CLERK
4th JUDICIAL DISTRICT COURT
OUACHITA PARISH, LA.